JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John Doe

### DEFENDANTS
Lisa Twark

**(b)** County of Residence of First Listed Plaintiff: Scott County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hawkins County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aubrey Givens and Associates
231 W. Old Hickory Blvd. Suite B, Madison, Tennessee 37115
615-248-8600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §6851 Violence Against Women Reauthorization Act of 2022, Section 1309

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 5-16-25

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

| | |
|---|---|
| JOHN DOE, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>LISA TWARK, )<br>)<br>*Defendant.* )<br>) | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

COMEs NOW, the Plaintiff, John Doe, by and through counsel, and files this Complaint against the Defendant Lisa Twark and in support thereof states as follows.

### *PRELIMINARY STATEMENT*

1. Plaintiff have filed this Verified Complaint as John Does under the very personal and explicit nature of the claims contained herein. [1]

2. On March 15, 2022, President Biden signed into law the Violence Against Women Reauthorization Act of 2022. Section 1309 of the act is codified as 15 U.S.C. § 6851. Subsection (b)(1) thereof creates a private right of action for victims of what is commonly referred to as "revenge porn," *viz.*:

In general. Except as provided in paragraph (4), an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief as set forth in

---

[1] Plaintiff has signed the verification as "John Doe." A verification with his true name is available to the Court upon request. If so ordered by the Court, Plaintiff shall file a Motion to Proceed Under Pseudonym pursuant to Tennessee State law and 15 U.S.C. § 6851 (b)(1).

1

paragraph (3).

3. For each violation of § 6851, Plaintiff "may recover ... liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." § 6851(b)(3)(A)(i). Plaintiff may also obtain "a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." § 6851(b)(3)(B). Plaintiff seeks this relief for each violation

4. In addition, Plaintiff, by way of this Court's supplemental jurisdiction, seeks relief under various state-law tort theories, including negligence per se, intentional infliction of emotional distress, and invasion of privacy.

## *PARTIES, JURISDICTION, AND VENUE*

5. Plaintiff John Doe is an adult resident citizen of Scott County, Tennessee. Plaintiff requests anonymity as set forth above in his Complaint.

6. Upon information and belief, Defendant Lisa Twark ("Defendant") is an adult resident citizen of the Hawkins County, Tennessee. She may be served with process at 318 Farside Drive, Rogersville Tennessee, 37857.

7. This Court has Subject matter jurisdiction over questions regarding federal law under 28 U.S.C. § 1331 as the events and conduct at issue are a violation of a Federal Act.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) as Defendant resides in the Eastern District and the events rising to the conduct at issue.

9. This Court has personal jurisdiction over the Defendant because all of the actions by Defendant contained in this Complaint occurred in Hawkins County, Tennessee.

10. This Court has jurisdiction over the Defendant as the injury to Plaintiff occurred in Hawkins County, Tennessee.

2

11. Venue is appropriate because all or a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTS

12. In 2022, Plaintiff, John Doe, started engaging in a sexual relationship with a third party (hereinafter "Jane Doe").

13. Plaintiff and Jane Doe were part of a civil war reenactment group. The Reenactment group was a small group that traveled together and reenacted Civil War battles.

14. At some point during the relationship Plaintiff took explicit photographs and videos of Jane Doe with her knowledge and consent.

15. At some point, Plaintiff shared explicit photographs and videos of himself and Jane Doe with Defendant's husband via email.

16. At some point, Defendant's husband, a friend of Plaintiff, requested that Jane Doe provide him some explicit pictures, and Jane Doe sent explicit pictures to the Defendant's husband.

17. Upon information and belief in or about December of 2024, Defendant, found these pictures and videos in her husband's email account.

18. Defendant emailed explicit pictures and videos of Plaintiff, to third parties, without permission or knowledge of the Plaintiff[2].

19. The email of explicit pictures and videos was sent to multiple individuals including, but not limited to, reenactment group members and others known to Plaintiff and Jane Doe.

20. Upon information and belief, Defendant had placed spyware on her husband's computer to gain access to email containing the pictures and videos.

---

[2] Motion to File Exhibit Under Seal will be filed and contain the email containing the explicit photographs and video thumbnail that is the cause of this complaint.

3

22. The email was sent through proton email, an encrypted email account in an attempt to conceal the true indemnity of the sender which was the Defendant.

23. Upon information and belief, the email account at issue was an account controlled by Defendant.

24. Defendant created the email and shared these images and videos of Plaintiff with Jane Doe for revenge, due to her husband having some explicit photographs of Jane Doe in his possession.

25. Defendant shared the images and video of Plaintiff to cause emotional distress to Plaintiff.

26. Upon information and belief, Defendant had access to numerous other explicit images of Plaintiff, Jane Doe and others on her and/or her husband's personal computer and email accounts that were not yet emailed.

27. Plaintiff and Jane Doe were removed from the reenactment group due to the email was received by other members of the group.

### *Count I – Disclosure of Intimate Images of Plaintiff John Doe (15 U.S.C. § 6851)*

28. The preceding paragraphs are incorporated by reference.

29. Defendant, without the consent of Plaintiff, John Doe, shared intimate visual depictions of Plaintiff to multiple individuals

30. Plaintiff did not consent to the distribution of these intimate pictures.

31. Defendant knew or recklessly disregarded Plaintiff's lack of consent.

32. Proton email is an encrypted email site accessible around the world including in all 50 states with significant connections to foreign commerce and interstate commerce.

33. Plaintiff is readily identifiable from personal items displayed in connection with these visual depictions as described in the preceding paragraphs.

34. The intimate visual depictions of Plaintiff that Defendant disclosed were not commercial

4

pornographic content. Moreover, the disclosures were not made in good faith to law enforcement; or as part of a legal proceeding; or as part of medical education, diagnosis, or treatment; or in the reporting or investigation of unlawful content or unsolicited or unwelcome content. Furthermore, the intimate visual depictions of Plaintiff were not a matter of public concern or public interest. Lastly, the intimate visual depictions were not reasonably intended to assist Plaintiff. Therefore, Defendant has no legal excuse pursuant to § 6851 to avoid liability.

35. Plaintiff seeks liquidated damages in the amount of $150,000 for each violation, punitive damages plus attorney's fees, plus the costs of this action, plus other litigation costs reasonably incurred.

### *Count II - Intentional Infliction of Emotional Distress (IIED)*

36. The preceding paragraphs are incorporated by reference as if fully copied in words and figures.

37. Defendant intentionally or recklessly shared the explicit photos and videos of Plaintiff.

38. These acts by Defendant are to be considered outrageous and not tolerated by civilized society, evidenced by the substantial amount of "revenge porn" laws enacted at both the Federal and State level.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered mental injury, including but not limited to distress, shame, depression, anxiety, and more.

40. Plaintiff seeks compensatory damages, damages for pain and suffering, punitive damages, attorney's fees, plus the costs of this action, plus other litigation costs reasonably incurred.

### *Count III - Negligent infliction of Emotional Distress (NIED)*

41. The preceding paragraphs are incorporated by reference as if fully copied in words and figures.

42. Defendant had a duty to not take and distribute explicit photographs of Plaintiff.

5

43. Defendant was negligent *per se* by violating T.C.A. §39-17-318 (Unlawful Exposure) against Plaintiff as Defendant distributed an image of an intimate part of Plaintiff who was identifiable from the photographs and videos with the intent to cause emotional distress without permission of the Plaintiff and while understanding the images were to remain private.

44. Defendant was negligent *per se* by violating (15 U.S.C. § 6851) against Plaintiff.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered mental injury, including but not limited to emotional distress, shame, depression, anxiety, and more.

46. Plaintiff seeks compensatory damages, damages for pain and suffering, mental anguish, punitive damages, attorney's fees, the costs of this action, and other litigation costs reasonably incurred.

## Count IV – False Light Invasion of Privacy

47. The preceding paragraphs are incorporated by reference as if fully copied in words and figures.

48. Defendant's actions placed Plaintiff in a false light and would be highly offensive to a reasonable person.

49. Defendant's actions of sending Plaintiff's explicit photographs and videos to multiple individuals, put Plaintiff in an offensive light.

50. Plaintiff consented and had knowledge of Defendant's husband having access to the explicit photographs.

51. Defendant's conduct of placing spyware on her husband's computer, gaining unauthorized access to the explicit photographs violated Plaintiff's privacy.

52. Plaintiff has suffered damages as a result of this false light invasion of privacy.

53. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered mental injury, including but not limited to distress, shame, depression, anxiety, and more.

6

54. Plaintiff seeks compensatory damages, damages for pain and suffering, mental anguish, punitive damages, attorney's fees, the costs of this action, and other litigation costs reasonably incurred.

### *Count V - Unreasonable intrusion upon the seclusion of another*

55. The preceding paragraphs are incorporated by reference as if fully copied in words and figures.

56. Defendant intentionally intruded upon the solitude, seclusion, private affairs, or concerns of Plaintiff, when she, without consent, distributed explicit/nude photographs and videos of Plaintiff.

57. These intrusions were/are offensive to any reasonable person.

58. Plaintiff was damaged as a result of Defendant's actions.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered mental injury, including but not limited to distress, shame, depression, anxiety, and more.

60. Plaintiff seeks compensatory damages, damages for pain and suffering, mental anguish, punitive damages, attorney's fees, the costs of this action, and other litigation costs reasonably incurred.

### *Count VI– Publicity Given to Private Facts*

61. The preceding paragraphs are incorporated by reference as if fully copied in words and figures.

62. Defendant gave publicity to a matter concerning the private life of Plaintiff. This publicity would be highly offensive to a reasonable person and was not a legitimate concern of the public.

63. Plaintiff has been harmed by Defendant's conduct concerning the publicity of the private life of Plaintiff.

64. Plaintiff seeks compensatory damages and punitive damages in the amount to be determined by this Court, plus attorney's fees, plus the costs of this action, plus post judgment interest.

7

### Count VII – Unlawful Exposure

65. The preceding paragraphs are incorporated by reference as if fully copied in words and figures.

66. Defendant's unauthorized access to and distribution of Plaintiff's explicit photographs and videos exposed Plaintiff without consent.

67. Defendant accessed the explicit photographs of Plaintiff without consent through spyware placed on her husband's computer.

68. Plaintiff has suffered damages as a result of the Defendant's unlawful conduct.

69. Plaintiff seeks compensatory damages and punitive damages in the amount to be determined by this Court.

### REQUEST FOR INJUNCTIVE RELIEF

70. The preceding paragraphs are incorporated by reference as if fully copied in words and figures.

71. Plaintiff seeks a temporary restraining order, preliminary injunction, and a permanent injunction ordering Defendant to cease display or disclosure of the visual depictions referenced herein pursuant to § 6851(b)(3)(B), and to refrain from contacting directly or indirectly or coming within 1,000 feet of Plaintiff, any member of Plaintiff's family, or any person known to be associated with Plaintiff.

72. Plaintiff also seeks a preliminary injunction and a permanent injunction pursuant to § 6851 (b)(3)(B), which states: "… [T]he court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."

73. Plaintiff further seeks a preliminary injunction ordering Defendant not to dispose of, liquidate, encumber or otherwise transfer assets, including tender or property, out of their possession.

74. Plaintiff aver that they will suffer immediate and irreparable harm should the injunctive

8

relief not be granted.

75. Plaintiff aver that the extraordinary relief is necessary to prevent Plaintiff from suffering irreparable harm should the injunctive relief not be granted.

76. Plaintiff aver that extraordinary relief is necessary as no adequate remedy at law exists.

77. Plaintiff aver that Plaintiff has a strong likelihood of prevailing in the underlying lawsuit on the merits.

78. Plaintiff aver that the balance of the hardships weighs heavily in Plaintiff as Defendant has no hardship in discontinuing distribution of the explicit materials.

79. **THIS IS PLAINTIFF'S FIRST REQUEST FOR EXTRAORDINARY RELIEF IN THIS LEGAL ACTION.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff JOHN DOE seeks entry of a judgment against Defendant for the money and other relief listed below:

1. Statutory liquidated damages in the aggregate amount of at least $7,500,000 pursuant to 15 U.S.C. § 6851 (b)(3)(A)(i) for eighty-one (81) unauthorized disclosures of intimate visual depictions of the Plaintiff as complained of herein;
2. Compensatory damages in an amount to be determined by this Court for all Tennessee law claims in an amount of not less than $1,000,000;
3. Punitive damages in an amount to be determined by this Court for all Tennessee law claims, but not in an amount of less than $2,000,000;
4. Reasonable attorney's fees pursuant to 15 U.S.C. § 6851 (b)(3)(A)(i);
5. Court costs pursuant to 15 U.S.C. § 6851 (b)(3)(A)(i);
6. All reasonable costs of litigation pursuant to 15 U.S.C. § 6851 (b)(3)(A)(i);

7. Plaintiff demands Jury Trial;

8. Post judgment interest; and

9. All other relief the Court deems appropriate.

FURTHERMORE, Plaintiff prays for a temporary restraining order, preliminary injunction and a permanent injunction that will order Defendant (1) to refrain from contacting (directly or indirectly) or coming within 1,000 feet of Plaintiff, any member of Plaintiff's family, or any person known to be associated with Plaintiff; (2) to refrain from disclosing any intimate visual depictions of the Plaintiff; and (3) to refrain from disclosing the true identity of John Doe to any other person who do not already know, (4) refrain from disposing or transferring any and all assets.

The Plaintiff prays for general relief, whether legal or equitable, that this Court deems meet and proper in the premises.

Respectfully submitted,

/s Aubrey T. Givens

**AUBREY T. GIVENS**
No. 21491
231 W. Old Hickory Blvd.
Suite B, Second Floor
Madison, Tennessee 37115
(p): 615-248-8600
(e): contactus@givenslawfirm.com
*Attorney for Plaintiff*

**THIS IS PLAINTIFFS' FIRST REQUEST FOR EXTRAORDINARY RELIEF.**

THIS IS PLAINTIFFS' FIRST REQUEST FOR EXTRAORDINARY RELIEF.

### 28 U.S.C. § 1746 DECLARATION OF JANE DOE

I verify under penalty of perjury that the foregoing is true and correct. Executed on _March 24_, 2025.

_John Doe_

JOHN DOE on behalf of himself