UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | **CONSOLIDATED** |
|    *Plaintiff*, | ) | |
| | ) | Case No. 3:25-cv-164 |
| v. | ) | |
| | ) | Judge Atchley |
| LISA TWARK, | ) | |
| | ) | Magistrate Judge McCook |
|    *Defendant*. | ) | |
| | ) | |

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | Case No. 3:25-cv-221 |
| v. | ) | |
| | ) | Judge Atchley |
| LISA TWARK, | ) | |
| | ) | Magistrate Judge McCook |
|    *Defendant*. | ) | |
| | ) | |

## ORDER

Before the Court is Defendant's Motion to Consolidate [Doc. 20, Case No. 3:25-cv-164]. Defendant moves to consolidate *Jane Doe v. Twark*, Case No. 3:25-cv-164 with *John Doe v. Twark*, Case No. 3:25-cv-221. As grounds, Defendant contends that the two cases involve common questions of law and fact. [*Id.*]. For the reasons explained below, Defendant's motion will be **GRANTED**, and the two cases will be **CONSOLIDATED**.

Federal Rule of Civil Procedure 42(a) allows courts to consolidate actions that involve common questions of law or fact. Courts consider numerous factors when determining whether to consolidate actions. Those factors include, among others, potential prejudice to the parties, "the

burden on parties, witnesses, and available judicial resources posed by multiple lawsuits," and "the risk of inconsistent adjudications of common factual and legal issues." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted).

The Court concludes that consolidation is appropriate under the circumstances. The complaints in both cases include virtually identical factual allegations. Both complaints allege that Plaintiff Jane Doe and Plaintiff John Doe began a sexual relationship, and John Doe took explicit photographs and videos of himself and Jane Doe. [Doc. 1 at ¶ 12–15, Case No. 3:25-cv-164; Doc. 1 at ¶ 12–15, Case No. 3:25-cv-221]. John Doe then allegedly emailed the explicit photographs and videos to Defendant's husband. [Doc. 1 at ¶ 15, Case No. 3:25-cv-164; Doc. 1 at ¶ 15, Case No. 3:25-cv-221]. Defendant allegedly discovered the explicit content on her husband's email, and she disseminated the photographs and videos of Jane Doe and John Doe to multiple individuals. [Doc. 1 at ¶ 17–18, Case No. 3:25-cv-164; Doc. 1 at ¶ 17–18, Case No. 3:25-cv-221]. Based on this alleged conduct, both complaints assert the same seven causes of action against Defendant: disclosure of intimate images, in violation of 15 U.S.C. § 6851, intentional infliction of emotional distress, negligent infliction of emotional distress, false light invasion of privacy, unreasonable intrusion upon the seclusion of another, publicity given to private facts, and unlawful exposure. [Doc. 1 at ¶ 28–69, Case No. 3:25-cv-164; Doc. 1 at ¶ 28–69, Case No. 3:25-cv-221].

The complaints' allegations make clear that the two cases involve common—if not identical—questions of law and fact. Despite the degree of overlap between complaints, Plaintiffs contend that the two cases involve distinct factual circumstances and legal issues. [Doc. 24 at 3, Case No. 3:25-cv-164]. The Court questions these assertions when, as discussed above, the two complaints include virtually identical factual allegations and raise the same seven causes of action against the same defendant. To be sure, the nature and amount of damages for Jane Doe and John

Doe may be proven to differ in some respects, but any potential variance in damages does not change the commonality of the legal and factual issues implicated in both complaints. The Court is also not persuaded by Plaintiffs' passing references to prejudice and confusion that could result from consolidation. [*Id.* at 3–4]. Significant confusion from a single trial seems unlikely under these facts; the case involves two plaintiffs whose alleged damages stem from the same conduct of a single defendant. Both cases are in their early stages, discovery will overlap considerably, and any trial would involve similar evidence and witnesses. Under these circumstances, consolidation is especially appropriate and would promote judicial economy. *McNeil v. Memphis Police Ass'n*, No. 07-2166, 2008 WL 2402530, at *3 (W.D. Tenn. June 11, 2008).

For the reasons set forth above, Defendant's Motion to Consolidate [Doc. 20, Case No. 3:25-cv-164] is **GRANTED**. *Jane Doe v. Twark*, Case No. 3:25-cv-164 and *John Doe v. Twark*, Case No. 3:25-cv-221 are hereby **CONSOLIDATED**. All future filings **SHALL** only be made in the earlier-filed case, Case No. 3:25-cv-164, which is deemed the lead case for purposes of the consolidation.

    **SO ORDERED.**

                                        */s/ Charles E. Atchley, Jr.*
                                        **CHARLES E. ATCHLEY, JR.**
                                        **UNITED STATES DISTRICT JUDGE**