UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:25-CV-164-JEM |
| LISA TWARK, | ) | |
| | ) | *Lead Case Consolidated with* |
| Defendant. | ) | |

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:25-CV-221-JEM |
| LISA TWARK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 31].

Now before the Court is Plaintiff Jane Doe's Motion to Proceed Under Pseudonym [Doc. 2].[1] Defendant responded in opposition [Doc. 15], and Plaintiffs filed a reply [Doc. 19]. The

---

[1] Prior to the Court consolidating these cases, Plaintiff John Doe also filed the Motion to Proceed Under Pseudonym in his case, *Doe v. Twark*, No. 3:25-cv-221-JEM [Doc. 2] (E.D. Tenn. May 16, 2025). Plaintiffs' Complaints and Motions to Proceed Under Pseudonym are nearly identical. Given that, and because these cases are now consolidated [Doc. 25], the Court will cite only to the filings and the motion in *Doe v. Twark*, No. 3:25-cv-164.

motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **GRANTS** the motion [**Doc. 2**].

I. BACKGROUND

Plaintiffs allege that in 2022, they "started engaging in a sexual relationship" [Doc. 1 ¶ 12]. "At some point during the relationship, [Plaintiff] John Doe took explicit photographs and videos of Plaintiff [Jane Doe] with her knowledge and consent" [*Id*. ¶ 14]. Plaintiff John Doe shared these photographs and videos "with Defendant's husband via email" [*Id*. ¶ 15]. Defendant's husband "requested that Plaintiff [Jane Doe] provide him some explicit pictures, and [she] sent the photographs to Defendant's husband" [*Id*. ¶ 16].

According to the allegations in the Complaint, in December 2024, "Defendant found these explicit photographs and videos in her husband's email account" [*Id*. ¶ 17]. She then "emailed [the] explicit pictures and videos of Plaintiff[s], to third parties, without [Plaintiffs'] permission" [*Id*. ¶ 18]. The third parties included Plaintiffs' "civil war reenactment group[,]" which is "a small group that traveled together and reenacted Civil War battles" [*Id*. ¶¶ 1, 19]. Plaintiffs believe that Defendant placed spyware on her husband's computer [*Id*. ¶ 20].[2] They claim that Defendant shared the explicit images using a proton email, which is "an encrypted email account" that "conceal[s] the true [identity] of the sender" [*Id*. ¶ 22]. Plaintiffs further allege that "Defendant created the email and shared the images and videos of [them] . . . for revenge, due to her husband having some explicit photographs of Plaintiff[s]" [*Id*. ¶ 24].

Plaintiffs allege (1) violations of the Violence Against Women Reauthorization Act of 2022 ("VAWRA"), 15 U.S.C. § 6851, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, (4) false light invasion of privacy, (5) unreasonable intrusion upon

---

[2] Paragraph 20 of the Complaint is incomplete [Doc. 1 ¶ 20].

seclusion of another, (6) that Defendant gave publicity to private facts, and (7) Defendant exposed Plaintiffs without their consent [*Id.* ¶¶ 29–69]. They also seek injunctive relief [*id.* ¶¶ 70–79], which includes "maintaining the confidentiality of a plaintiff using a pseudonym" [*id.* ¶ 72 (citation omitted)].

Plaintiffs request leave to proceed under pseudonyms [Doc. 2]. They argue that their "case involves explicit pictures taken of [them], which justifies the need for anonymity" [*Id.* ¶ 9]. "Disclosure of [their] identity[,]" Plaintiffs claim, "could lead to potential harm, including but not limited to, harassment, and loss of employment, due to the nature of the pictures" [*Id.*]. Further, Plaintiffs assert that "[r]equiring [them] to disclose their identity would result in significant emotional distress and potential harm" [*Id.* ¶ 10]. They submit that "Defendant sent these pictures through email to eighty-one (81) people, making them open to the public" [*Id.* ¶ 11]. Plaintiffs' interest in maintaining their privacy, they state, "outweighs any potential prejudice against . . . Defendant or the public's interest in knowing [their] identity" [*Id.* ¶ 13]. In addition, Plaintiffs claim that they "also [have] a legitimate interest in maintaining [their] safety from any harm to come from this being public record" [*Id.*]. They argue that "[c]ourts have consistently allowed plaintiffs to proceed under pseudonyms in cases involving sensitive personal issues" [*Id.* ¶ 16 (citation omitted)]. Stating that "[t]he public's interest is not in the names of the parties but in the nature of the claims and the outcome of the claims" [*id.* ¶ 23], Plaintiffs request that the Court allow them to proceed using pseudonyms [*Id.* at 5].

Defendant filed a response in opposition to the motion [Doc. 15]. She claims that "Plaintiffs['] identit[ies are] not sensitive personal information" and the disclosure of their identities will not cause them any harm [*Id.* at 1]. Further, Defendant asserts that Plaintiffs have "not alleged a reasonable fear of any harm[,]" they have "filed suit against an individual, not a

3

government or corporate identity[,]" and that their "identit[ies are] likely to become public during the course of [the] litigation" [*Id*.]. According to Defendant, "Plaintiff[s'] privacy concerns can be fully addressed by a protective order pursuant to Federal Rule of Civil Procedure 26(c)[,]" which will "allow[] any embarrassing materials to be filed under seal" [*Id*. at 2 (footnote omitted)]. "[T]he cases cited and relied upon by Plaintiff[s,]" Defendant argues, "involve[] minors and sexual assaults and thus are distinguishable from the facts of this case" [*Id*. at 3].

Plaintiffs filed a reply, stating that they filed their motion "to protect against the disclosure of sensitive personal information and explicit images involved in this matter" [Doc. 19 ¶ 2]. They argue that "Defendant's opposition fails to adequately address the potential harm to [them] and instead focuses on procedural arguments that do not outweigh the need for privacy in this case" [*Id*. ¶ 3]. They contend that "whether [they] would be required to disclose information of the utmost intimacy and whether [they] are particularly vulnerable to the potential harms of disclosure . . . strongly support [their] request" [*Id*. ¶ 7]. In addition, Plaintiffs assert that they have "articulated a reasonable fear of harm, which is supported by the nature of the allegations involving the unauthorized distribution of intimate explicit images" [*Id*. ¶ 12]. According to Plaintiffs, case law supports their request, and they submit that allowing them to proceed as a pseudonym will not prejudice Defendant [*Id*. ¶¶ 14–20]. "Defendant's suggestions that a protective order under Federal Rule of Civil Procedure 26(c)[,]" Plaintiffs claim, "is inadequate" because a protective order "do[es] not prevent the disclosure of [Plaintiffs'] identity to the public at large, which is a primary concern" [*Id*. ¶ 21]. Further, Plaintiffs argue that Rule 26(c) pertains to discovery matters [*Id*. ¶ 22].

## II. ANALYSIS

Under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to the other parties." Fed. R. Civ. P. 10(a). In other words, "[i]t is a general rule that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. Rule Civ. P. 10(a)). A plaintiff who wishes to protect his or her identity, however, must ordinarily "file[] a protective order that allows him or her to proceed under a pseudonym." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 5.2(e) (explaining that for good cause shown, the court may enter a protective order that "require[s] redaction of additional information").

In deciding whether to allow a party to proceed using a pseudonym, the Court must "determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Here, Plaintiffs allege violations of 15 U.S.C. § 6851. "[This] statute . . . expressly contemplates anonymity for Plaintiffs invoking it." *Doe v. Campbell*, No. 3:25-CV-836, 2025 WL 2824905, at *1 (M.D. Tenn. Oct. 3, 2025) (citation omitted). It states, "[A] court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). "Section 6851's very purpose is to protect against one's intimate matters being publicized." *Doe v. Parsons*, No. 2:24-CV-00075, 2024 WL 5705632, at *2 (M.D. Tenn. Dec. 16, 2024) (quoting *Doe v. Williams*, No. 3:24-CV-165, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024)).

"The majority of courts faced with motions to proceed anonymously in § 6851 cases have granted those motions." *Campbell*, 2025 WL 2824905, at *1 (collecting cases). The Court will do

5

so here too, but it may revisit this issue if warranted. *See Williams*, 2024 WL 2805642, at *5 ("Depending on how the case proceeds, it may be necessary to revisit the issue.").

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Proceed Under Pseudonym [**Doc. 2**].

**IT IS SO ORDERD.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge